# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>JOHN KENNETH HAUTMAN,<br><br>　　　Debtor. | Case No.   10-11285-RGM<br>(Chapter 7) |
| MARY LYONS,<br><br>　　　Plaintiff,<br><br>vs.<br><br>JOHN KENNETH HAUTMAN,<br><br>　　　Defendant. | Adv. Proc. No. 10-1166 |

## MEMORANDUM OPINION

THIS CASE was before the court on February 17, 2011, for trial on the complaint of Mary Lyons against John K. Hautman to determine the dischargeability of certain debts pursuant to §§523(a)(5) and (a)(15) of the Bankruptcy Code and an objection to the discharge of the debtor under §727 of the Bankruptcy Code.

Four issues were presented with respect to dischargeability. The first was the dischargeability of the judgment entered by the Circuit Court of Montgomery County, Maryland on April 27, 2009 in the amount of $22,500 for child and spousal support. The judgment included child and spousal support payments through the period ending on December 31, 2008. The second claim was for unpaid child and spousal support from January 1, 2009 through February 28, 2010, which claims have not been reduced to judgment. The third claim was for withdrawing funds from the Maryland Prepaid College Trust which was established for the benefit of the parties' son

pursuant to Article X of their Voluntary Separation and Property Settlement Agreement dated July 11, 2004. The fourth claim was for a breach of Article XI of the Voluntary Separation and Property Settlement Agreement. Riggs Bank, the predecessor of PNC Bank, established a joint line of credit under a PreferredLine Loan Agreement and Disclosure Statement dated April 20, 1997, with a maximum amount of $30,000. Under The Voluntary Separation and Property Settlement Agreement, the debtor was to be solely responsible for this debt and agreed to indemnify and hold Ms. Lyons harmless from it including any attorney's fees.

At trial, the court reviewed with the parties the outstanding obligations and the amounts asserted due under each of them. The parties agreed that the first two claims were domestic support obligations and were not dischargeable under §523(a)(5) of the Bankruptcy Code. They agreed that the judgment entered for $22,500 was for spousal and child support due through December 2008. They agreed that the unpaid spousal support and child support due from January 1, 2009 to February 28, 2010, was $63,000 and $21,000, respectively.

The parties agreed that the debtor fully funded the Maryland Prepaid College Trust for their son. He paid $30,240.00 into the Trust. When fully funded, the Maryland Prepaid College Trust provided full tuition for four years at a Maryland state college including future tuition increases. The Voluntary Separation and Property Settlement Agreement provided that the funds would not be withdrawn except for their son's college expenses. The debtor withdrew the funds and spent them on living expenses, not for their son's college expenses. By withdrawing the funds prematurely, the debtor, in addition to incurring a penalty, also lost the benefit of the guarantee of four years tuition being paid. He cannot now put the $30,240.00 back into the fund and have full tuition assured for four years. Tuition increases are not now covered by the Trust and must now be

paid by the debtor. The damages resulting from the improper withdrawal consist of the amount withdrawn, $30,240.00, interest on the amount withdrawn from the date it was withdrawn, and all college tuition for four years at a Maryland state college in excess of $30,240.00. This obligation is not dischargeable pursuant to §523(a)(15) of the Bankruptcy Code.

The PreferredLine Loan Agreement is also not dischargeable under §523(a)(15) of the Bankruptcy Code. The debtor did not close out the line of credit at that time and may have drawn on it after they entered into the Voluntary Separation and Property Settlement Agreement. PNC Bank has sued Ms. Lyons in Maryland state court. There is a suggestion that Ms. Lyons may have a defense to the suit because of the multiple credit lines that the debtor had outstanding with the bank and a possible setoff that was made by the bank against a deposit made to the debtor's account. These matters are not clear. PNC Bank is not a party to this litigation and would not be bound by any determination that this court makes between these two parties. It is clear, however, that the debtor had the obligation under the Voluntary Separation and Property Settlement Agreement to pay the line of credit and to indemnify and hold harmless Ms. Lyons from it. The court will enter a declaratory judgment declaring the obligation, including reasonable attorney's fees incurred by the bank in prosecuting its suit, if awarded or paid, and by Ms. Lyons in defending it, is not dischargeable and will modify the automatic stay if otherwise applicable so that Ms. Lyons may bring the debtor into the Maryland litigation as a third-party defendant or otherwise as may be appropriate and permitted by the Maryland court.

Ms. Lyons did not raise any other specific question with respect to the Voluntary Separation and Property Settlement Agreement. It is not necessary to raise those issues. No complaint is necessary to determine the dischargeability of domestic support orders or obligations under a

property settlement agreement in a chapter 7 case. While it is proper to bring cases to resolve doubts, if not brought, the obligations are still not discharged. Nothing in this Memorandum Opinion or the court's order may be read to infer that any issue not raised in this complaint is discharged. Section 523(a)(5) and (a)(15) are self-executing. 11 U.S.C. §523(c)(1).

Ms. Lyons also raised issues to the entitlement of the debtor to a discharge. The parties did not wish to pursue this assertion. Ms. Lyons will consult with the chapter 7 trustee, Richard A. Bartl, and advise him of the nature of the information she has available. The trustee may substitute himself as a party plaintiff in the place of Ms. Lyons and prosecute the case if he believes it advisable. Ms. Lyons will also speak with the Office of the United States Trustee to advise them of the circumstances involved. Any substitution must be made on or before March 13, 2011. In the event that no motion to substitute is made by that time, the court will consider that the trustee and the Office of the United States Trustee do not wish to substitute themselves and will dismiss the §727 complaint without prejudice.

DONE at Alexandria, Virginia, this 18th day of February, 2011.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy mailed to:                                 Copy electronically to:

Mary Lyons                                      Richard A. Bartl
9024 Honeybee Lane
Bethesda, Maryland 20817

John Kenneth Hautman
8605 Lancia Court
McLean, Virginia 22102                                                          16662