# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>JOHN KENNETH HAUTMAN,<br><br>  Debtor. | Case No. 10-11285-RGM<br>(Chapter 7) |
| MARY LYONS,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN KENNETH HAUTMAN,<br><br>  Defendant. | Adv. Proc. No. 10-1166 |

## MEMORANDUM OPINION

THIS CASE is before the court on John Kenneth Hautman's motion for reconsideration. For the reasons stated below, the motion will be denied.

Mr. Hautman raises two issues with respect to the Maryland College Tuition Fund portion of the judgment. The judgment awarded interest on the amount that Mr. Hautman withdrew from the fund and did not require Ms. Lyons to expend any money recovered on the judgment on their son's college education.

Mr. Hautman first asserts that interest should not have been awarded on the amount that he withdrew because the money in the Maryland College Tuition Fund would not have accrued interest while in the Fund. The Fund, when fully funded, assures payment of four years of tuition at a Maryland state college. While the amount that is to be paid into the Fund was fixed at $30,250.00,

1

the amount that the Fund would pay out for tuition was not limited to the amount paid into the Fund. The parties' son is in his senior year of high school and, if he completes the year and graduates, will be eligible to attend college this fall. The court takes judicial notice of the fact that tuition has risen since the Fund was opened for their son and that four years of tuition will now exceed the $30,250.00 paid into the Fund.

Interest was awarded on the amount that Mr. Hautman withdrew from the Fund because he breached the contract between the parties by withdrawing $30,240.00, which was all of the money in the Fund. The award of interest will partially compensate Ms Lyons for the loss of the benefit of the bargain, that is, payment in full of four years of college. The $30,250.00 will not now accomplish that. It does not matter that interest itself would not accrue on the Fund. The Fund, in effect, grows because it covered future increases in tuition. There was no request for damages in the amount of the lost benefit of the bargain – that is, four year's tuition. The award of interest merely provides partial compensation for the breach of the contract.

Mr. Hautman raises a second, and related, issue. He argues that the Fund was for the benefit of their son and that the order should in some way reflect that to the extent that he pays the judgment, Ms. Lyons will use it for that purpose. The contract between the parties required Mr. Hautman to pay for four years of college for his son through the Maryland State College Tuition Fund. It did not require Ms. Lyons to do this. To the extent that Mr. Hautman pays the judgment, his obligation under the contract will be reduced. He will remain responsible for paying all amount in excess of the amount he pays to Ms. Lyons for their son's college tuition. The breach of the contract is with Ms. Lyons and she is entitled to the benefit of the contract. It need not be held in

trust or in a designated account although Ms. Lyons may do so if she so chooses.

The motion will be denied.

Alexandria, Virginia
March 2, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy mailed to:

Mary Lyons
9024 Honeybee Lane
Bethesda, Maryland 20817

John Kenneth Hautman
8605 Lancia Court
McLean, Virginia 22102

16683

Copy electronically to:

Richard A. Bartl